J-S11009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DESHAWN ROSEMOND | : | |
| | : | |
| Appellant | : | No. 427 WDA 2019 |

Appeal from the PCRA Order Entered February 7, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002154-1994,
CP-02-CR-0002500-1994, CP-02-CR-0002720-1994,
CP-02-CR-0002721-1994

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                          **FILED MAY 11, 2020**

Appellant Deshawn Rosemond appeals *pro se* from the order dismissing his serial Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant invokes the newly discovered fact timeliness exception in Section 9545(b)(1)(ii).  Specifically, Appellant claims that he discovered that his original PCRA counsel was *per se* ineffective for failing to file a timely petition for allowance of appeal with our Supreme Court.  We affirm.

The underlying facts of this matter are well known to the parties.  Briefly, on May 24, 1995, Appellant was sentenced to an aggregate term of life imprisonment without parole after he was convicted for two counts of first-

_____

[1] 42 Pa.C.S. §§ 9541-9546.

degree murder and aggravated assault. On direct appeal, this Court affirmed Appellant's judgment of sentence, and on December 31, 1997, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Rosemond*, 701 A.2d 782 (Pa. Super. 1997) (unpublished mem.), *appeal denied*, 705 A.2d 1307 (Pa. 1997).

Because Appellant's instant petition relates to counsel's alleged ineffectiveness in his first PCRA petition, we briefly summarize the underlying procedural history of that matter. On November 10, 1998, the PCRA court docketed Appellant's timely first PCRA petition, which he filed *pro se*. The PCRA court appointed Arnold Y. Steinberg, Esq., who filed an amended petition on Appellant's behalf. Ultimately, on July 11, 2000, the PCRA court dismissed Appellant's petition without a hearing. On appeal, this Court affirmed the PCRA court's order denying relief. *See Commonwealth v. Rosemond*, No. 1351 WDA 2000 (Pa. Super. filed May 7, 2001) (unpublished mem.) (concluding that Appellant's ineffectiveness claim against trial counsel and direct appeal counsel was meritless).

On July 2, 2001, Attorney Steinberg filed a petition for allowance of appeal *nunc pro tunc* with the Pennsylvania Supreme Court. *See* Pet. for Leave to File a Document Out of Time or *Nunc Pro Tunc*, 7/2/01. Therein, Attorney Steinberg stated that the original petition for allowance of appeal was untimely filed due to his own "miscalculation of time." *Id.* at 1. Further, Attorney Steinberg stated that if the Court denied his petition, then Appellant would likely "file an additional PCRA Petition, alleging that [PCRA counsel] was

ineffective for failing to timely file [the] petition for allowance of appeal." **Id.** at 1-2. On September 6, 2001, our Supreme Court denied relief. **See** Order Denying Pet. for Leave to File Pet. for Allowance of Appeal *Nunc Pro Tunc*, 9/6/01.

Appellant subsequently filed several unsuccessful PCRA petitions.[2] On November 27, 2018, the PCRA court docketed Appellant's instant *pro se* petition, his seventh. Therein, Appellant raised the newly discovered fact exception to the PCRA time bar. Appellant's Seventh PCRA Pet., 11/27/18, at 4-6. Specifically, Appellant asserted that he was unaware that Attorney Steinberg failed to file a timely petition for allowance of appeal with the Pennsylvania Supreme Court after this Court affirmed the dismissal of his first PCRA petition in 2001. **Id.** Appellant argued that Attorney Steinberg's *per se* ineffectiveness in connection with his first PCRA petition was a newly discovered fact that he could not have discovered through the exercise of due diligence. **Id.** Further, Appellant asserted that because his claims were based on the Supreme Court's decisions in **Commonwealth v. Peterson**, 192 A.3d

---

[2] Appellant filed six previous PCRA Petitions. Appellant's first PCRA Petition was denied on July 11, 2000, and this Court affirmed the decision on May 7, 2001. **See Commonwealth v. Rosemond**, 778 A.2d 1247 (Pa. Super. 2001) (unpublished mem.). Appellant's second, third, fourth, and fifth PCRA petitions were dismissed as untimely and this Court affirmed. **Commonwealth v. Rosemond**, 855 A.2d 136 (Pa. Super. 2004) (unpublished mem.); **Commonwealth v. Rosemond**, 964 A.2d 444 (Pa. Super. 2008) (unpublished mem.); **Commonwealth v. Rosemond**, 34 A.3d 226 (Pa. Super. 2011) (unpublished mem.), *appeal denied*, 42 A.3d 293 (Pa. 2012); **Commonwealth v. Rosemond**, 82 A.3d 1056 (Pa. Super. 2013) (unpublished mem.). Appellant's sixth PCRA petition was dismissed as untimely, but Appellant did not file an appeal to this Court.

1123 (Pa. 2018), and **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), he satisfied the requirement of filing his petition "within [sixty] days [of when] the claim could have been presented." **Id.** at 4.

To his petition, Appellant attached four letters that Attorney Steinberg sent to Appellant in 2002. **Id.** at Exs. A-D. In his letters, Attorney Steinberg failed to inform Appellant that he filed an untimely petition for allowance of appeal, and instead stated that the Supreme Court denied discretionary review. **Id.** Appellant also included a copy of the motion Attorney Steinberg filed with the Supreme Court.

On January 9, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. The PCRA court docketed Appellant's timely response on January 29, 2019. By order dated February 7, 2019, the PCRA court dismissed Appellant's petition as untimely.[3]

---

[3] The order, which listed all four docket numbers, directed Appellant to file "an appeal" within thirty days. **See** Order, 2/7/19.

Appellant timely filed a *pro se* notice of appeal,[4] which was postmarked March 4, 2019.[5] Appellant subsequently filed a timely court-ordered Pa.R.A.P.

_____

[4] Appellant's notice of appeal listed all four docket numbers. The PCRA court docketed Appellant's filing in all four cases and included a copy in each of the certified records transmitted to this Court on appeal. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court announced a prospective rule that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Walker**, 185 A.3d at 977. In **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), this Court quashed an appeal where the appellant filed four separate notices of appeal listing all four docket numbers and held that a notice of appeal may only contain one docket number. **Creese**, 216 A.3d at 1143.

However, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court recognized that the failure to file separate notices of appeal may be excused where there was a breakdown in the operation of the court. **Stansbury**, 219 A.3d at 160. In **Stansbury**, the order being appealed contained multiple docket numbers and advised the appellant "that he has thirty days from this day, to file **a** written notice of appeal to the Superior Court." **Id.** at 159 (emphasis in original). This Court concluded that the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any **Walker** defect. **Id.** at 160.

Here, similar to **Stansbury**, the PCRA court instructed Appellant to file "an appeal" within thirty days. **See** Order, 2/7/19. The PCRA court's order did not advise Appellant that he must file separate notices of appeal pursuant to **Walker** or that each notice of appeal must bear only one docket number. **See Creese**, 216 A.3d at 1144. Under these circumstances, we conclude that the PCRA court's failure to properly advise Appellant of his appellate rights constitutes "a breakdown in court operations such that we may overlook" any **Creese** defect. **See Stansbury**, 219 A.3d at 160. Therefore, **Walker** and **Creese** do not require quashing the appeal.

[5] Under the "prisoner mailbox rule," we deem a *pro se* prisoner's legal filings filed on the date they are delivered to prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011); **see also** Pa.R.A.P. 121(a). Because Appellant's notice of appeal was placed in the mail on March 4, 2019, before the thirty-day appeal period had expired, his appeal was timely.

1925(b) statement. The PCRA court issued a Rule 1925(a) opinion reiterating that Appellant's PCRA petition was untimely. *See* PCRA Ct. Op., 6/6/19, at 1-2. However, the PCRA court did not address whether Appellant established any of the exceptions to the PCRA time bar. *Id.*

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Whether [Appellant's] one-year time limitation was tempered by [Appellant's] assertion of [Section] 9545(b)(1)(ii), warranting relief as conditioned by such assertion.

2. Whether [Attorney Steinberg provided ineffective assistance of counsel based on] his failure to file a timely petition for allowance of appeal before the [Pennsylvania] Supreme Court, which resulted in the complete deprivation of Appellant's appellate review right under Pa.R.Crim.P 904(F)(2), warrant[ing] relief requested, predicated upon the Supreme Court's decision in [*Peterson*, 192 A.3d at 1123].

3. Whether Appellant's [Fourteenth] U.S. Constitutional Amendment right to due process was violated, where there existed a state based right.

4. Whether [Attorney Steinberg's] performance or lack thereof, rendered to the "functional equivalent of having no counsel at all," where there was an unjustified failure to file a requested appeal, rendering [Attorney Steinberg's] conduct beneath the range of competence demanded of attorneys in criminal cases, guaranteed by the Sixth Amendment to the U.S. Constitution and Article V, Section 9, of the Pennsylvania Constitution.

Appellant's Brief at IV (some formatting altered).

Initially, we must address whether Appellant has established a timeliness exception to the PCRA time bar.[6] Appellant contends that Attorney Steinberg's failure to file a timely petition for allowance of appeal is a newly discovered fact. *Id.* at 8. He asserts that Attorney Steinberg was *per se* ineffective, as he "failed to take a procedural step that completely deprived [A]ppellant of the right to substantive review." *Id.* at 8-9. Appellant argues that he "neither knew of that failure, nor could [he] have discovered it through the exercise of reasonable diligence." *Id.* at 9.

Specifically, Appellant argues that he "did not know about the untimely filing[,] a fact made clear from the personal letter[s] attached to [his petition] and established in [Attorney Steinberg's] June 28, 2001 petition for leave to file a document out of time or *nunc pro tunc*." *Id.* at 7. Appellant claims that he "was never provided with a copy of [Attorney Steinberg's] June 11, 2001 petition for allowance of appeal, nor the June 28, 2001 petition" requesting *nunc pro tunc* relief. *Id.* at 7 (some formatting altered). Further, he asserts that Attorney Steinberg "did not provide [Appellant] with any information that would have given rise to a suspicion or belief that the petition was untimely." *Id.* at 12.

Instead, Appellant argues that Attorney Steinberg "purposefully began to mislead [A]ppellant[,] who is a layman" by stating that the Supreme Court did not wish to take jurisdiction of his case. *Id.* Further, he asserts that

_____

[6] Neither party disputes that Appellant's conviction became final in 1998, and that Appellant's instant petition, filed in 2017, is facially untimely.

Attorney Steinberg continued to send letters in which he used a "deceptive ploy to avoid informing [A]ppellant of his untimely filing." *Id.* at 11. Appellant asserts that he "never received a copy of the [Pennsylvania Supreme Court's] order dismissing his first [PCRA] appeal and he did not know of counsel's failure . . . until after the [PCRA's] one-year deadline had expired." *Id.* at 8. Finally, he asserts that he has met the requirement in Section 9545(b)(2) by timely filing his petition after our Supreme Court issued its decision in *Peterson*. *Id.* at 15. Therefore, Appellant argues that he has established the timeliness exception and is entitled to a hearing on his claim. *Id.* at 8.

The Commonwealth responds that Appellant's petition is untimely and that he has failed to establish an exception to the PCRA time bar. Commonwealth's Brief at 9. The Commonwealth acknowledges that "counsel's failure to file a timely petition for allowance of appeal could be considered a newly discovered fact for purposes of Section 9545(b)(1)(ii)." *Id.* at 12 (citing *Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011)). However, the Commonwealth asserts that Appellant knew about the untimely filing in 2002 when Attorney Steinberg informed him that the Supreme Court did not wish to exercise jurisdiction over his case. *Id.* at 13. The Commonwealth argues that "[d]espite [Appellant's] evident awareness that [Attorney Steinberg] had failed to timely file a petition for allowance of appeal in 2002, [A]ppellant waited until his current, seventh petition - filed almost [sixteen] years later - to assert that this failure constituted abandonment by counsel." *Id.* at 13. Therefore, the

Commonwealth asserts that the PCRA court properly denied relief, as it did not have jurisdiction to review Appellant's substantive claims. *Id.* at 14.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). The timeliness requirement for a PCRA petition "is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Valentine*, 928 A.2d 346, 348 (Pa. Super. 2007) (citations omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Id.* (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To invoke one of these exceptions, a petitioner must also file his petition within one year of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).[7] It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation and quotation marks omitted).

To establish the newly discovered fact timeliness exception in Section 9545(b)(1)(ii), a petitioner must

demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

---

[7] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant filed the instant PCRA petition after December 24, 2017, the amended Section 9545(b)(2) applies to Appellant's claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), our Supreme Court held that the abandonment of a client by counsel constitutes a "fact" within the meaning of Section 9545(b)(1)(ii). *Bennett*, 930 A.2d at 1274. For purposes of Section 9545(b)(1)(ii), abandonment means the complete deprivation of the petitioner's right to review by a court. *See Peterson*, 192 A.3d at 1131; *see also Williamson*, 21 A.3d at 242 (applying *Bennett* and holding that counsel's failure to file a timely petition for allowance of appeal could be considered a new fact for purposes of Section 9545(b)(1)(ii)). However, "a petitioner invoking [S]ection 9545(b)(1)(ii) must still comply with [S]ection 9545(b)(2) by presenting the claim within [one year] of discovering the new fact." *Williamson*, 21 A.3d at 242 (emphasis and citations omitted).

Here, as noted previously, the PCRA court did not address whether Appellant met the newly discovered fact exception. *See* PCRA Ct. Op., 6/6/19, at 1-2. Nonetheless, Appellant has failed to indicate when he learned of Attorney Steinberg's failure to file a timely petition for allowance of appeal with our Supreme Court.[8] Therefore, Appellant cannot demonstrate that he

---

[8] Further, our review of the record reveals that, in his third PCRA petition, Appellant referenced Attorney Steinberg's *nunc pro tunc* petition and the Supreme Court's order denying relief. *See* Appellant's Third PCRA Pet., 10/11/07, at ¶ 21 (explaining that Attorney Steinberg filed a petition for leave

filed the instant petition within one year of discovering that fact. *See* 42 Pa.C.S. § 9545(b)(2); *see also Williamson*, 21 A.3d at 242.

To the extent Appellant argues that his petition was timely filed after our Supreme Court's decision in *Peterson*, he is not entitled to relief. *See Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018) (reiterating that "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered [fact] exception set forth in Section 9545(b)(1)(ii)," and noting that "[n]ew legal decisions can only overcome the PCRA's timeliness requirements in the context of Section 9545(b)(1)(iii)" (citing *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011)), *appeal denied*, 198 A.3d 1046 (Pa. 2018).

Therefore, we conclude that the PCRA court did not err by dismissing Appellant's petition without a hearing. *See Lawson*, 90 A.3d at 4. Accordingly, we affirm.

Order affirmed.

Judge Musmanno joins the memorandum.

Judge Murray concurs in the result.

---

to file a document out of time or *nunc pro tunc* with the Supreme Court, which was denied on September 6, 2001). Appellant also claimed that Attorney Steinberg sent him "misleading letters" and that he never received a copy of the Supreme Court's order denying relief. *See id.* at ¶¶ 39-43.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2020